**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

     -against-

LEGEND VENTURE PARTNERS LLC,

               Defendant.

23 Civ. 5326

---

## ~~[PROPOSED]~~ ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND ORDER FREEZING ASSETS, APPOINTING A RECEIVER, AND GRANTING OTHER RELIEF

On the application of Plaintiff Securities and Exchange Commission ("Plaintiff" or "Commission") for an Order:

(1)    Directing Defendant Legend Venture Partners LLC ("Legend" or "Defendant") to show cause why an order should not be entered, pending a final disposition of this action:

    (a)    enjoining Legend from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"); Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder; and Section 206 of the Investment Advisers Act of 1940 ("Advisers Act") and Rule 206(4)-8 thereunder;

    (b)    freezing the assets of Legend and the five private funds it manages—Legend Ventures Fund 1 LLC, Legend Ventures Fund 2 LLC, Legend Ventures Fund 3 LLC, Legend Ventures Fund 4 LLC, and Legend Ventures Fund 5 LLC (collectively, the "Legend Funds")—including the bank accounts listed on Exhibit A to this Order (the "Legend Assets"), until such time as the Court appoints a receiver over Legend and the Legend Funds;

(c)     appointing a receiver (the "Receiver") over Legend and the Legend Funds
(collectively, the "Receivership Entities"), by entering the proposed Order
Appointing Receiver filed herewith;

(d)     enjoining the filing of any new bankruptcy, foreclosure, receivership or other actions
by or against the Receivership Entities;

(e)     directing Legend to provide a verified accounting of (i) the current assets, money,
and property held directly or indirectly by the Receivership Entities, or by others for
the direct or indirect beneficial interest of the Receivership Entities; and (ii) the use
of all investor funds raised by the Receivership Entities; and

(f)     prohibiting Legend from destroying, altering, concealing, or otherwise disposing of
relevant documents, or directing other individuals or entities to do so;

(2)     pending adjudication of the foregoing, an Order:

(a)     temporarily restraining Legend from violating Securities Act Sections 5(a), 5(c) and
17(a); Exchange Act Sections 10(b) and 15(a) and Rule 10b-5 thereunder; and
Advisers Act Section 206 and Rule 206(4)-8 thereunder;

(b)     freezing the Legend Assets until such time as the Court appoints a receiver over the
Receivership Entities;

(c)     enjoining the filing of any new bankruptcy, foreclosure, receivership, or other actions
by or against the Receivership Entities;

(d)     directing Legend to provide a verified accounting of (i) the current assets, money,
and property held directly or indirectly by the Receivership Entities, or by others for
the direct or indirect beneficial interest of the Receivership Entities; and (ii) the use
of all investor funds raised by the Receivership Entities; and

2

(e)      prohibiting Legend from destroying, altering, concealing, or otherwise disposing of

relevant documents, or directing other individuals or entities to do so.

The Court has considered the following documents filed by Plaintiff on June 22, 2023:

(1) the Complaint; (2) the Declaration of Kerri L. Palen and exhibits thereto; (3) the Declaration of

Melanie L. Cyganowski and exhibits thereto; (4) the Declaration of Joshua D. Tannen and exhibits

thereto; (5) the Declaration of Gregory Buckis; (6) the Declaration of Robert Cliatt; (7) the Local

Civil Rule 6.1(d) Declaration of Lee A. Greenwood; and (8) Plaintiff's Memorandum of Law in

Support of its Emergency Application for an Order to Show Cause, Temporary Restraining Order,

Preliminary Injunction, Asset Freeze, Receiver, and Other Relief.

Based upon the foregoing documents, the Court finds that a proper showing, as required by

Securities Act Section 20(b), Exchange Act Section 21(d)(1), and Advisers Act Section 209(d) has

been made for the relief granted herein, for the following reasons:

1.      It appears from the evidence presented that Defendant has violated and, unless

temporarily restrained, will continue to violate, Securities Act Sections Section 5(a), 5(c), and 17(a);

Exchange Act Sections 10(b) and 15(a) and Rule 10b-5 thereunder; and Advisers Act Section 206

and Rule 206(4)-8 thereunder, as charged in the Complaint.

2.      It appears that Legend may attempt to dissipate, deplete, or transfer from the

jurisdiction of this Court, funds, property, and other assets that could be subject to an order of

disgorgement or an order imposing civil penalties.  It appears that an order freezing the assets of

Legend and the Legend Funds, as specified herein, is necessary to preserve the status quo, to protect

investors from further dissipation of assets, to protect this Court's ability to award equitable relief in

the form of disgorgement of ill-gotten gains and civil penalties, and to preserve the Court's ability to

approve a fair distribution for victims of the fraud.

3.      It appears that the appointment of a Receiver for the Receivership Entities, as described above and as set forth in the proposed Order Appointing Receiver filed herewith, is necessary to:  (a) preserve the status quo, (b) ascertain the true financial condition of the Receivership Entities and the disposition of investor funds; (c) prevent further dissipation of the property and assets of the Receivership Entities; (d) prevent the encumbrance or disposal of property or assets of the Receivership Entities and the investors; (e) preserve the books, records, and documents of the Receivership Entities; (f) be available to respond to investor inquiries; and (g) protect investors' assets.

4.      It appears that an order requiring Legend to provide a verified accounting of (i) the current assets, money, and property held directly or indirectly by the Receivership Entities, or by others for the direct or indirect beneficial interest of the Receivership Entities; and (ii) the use of all investor funds raised by the Receivership Entities is necessary to effectuate and ensure compliance with the freeze imposed on the assets of the Receivership Entities and to locate additional assets for the benefit of investors.

5.      Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary, including those set forth in the Local Civil Rule 6.1(d) Declaration of Lee A. Greenwood.

6.      This Court has jurisdiction over the subject matter of this action and over Legend, and venue properly lies in this District.

**NOW, THEREFORE,**

## I.

**IT IS HEREBY ORDERED** that Defendant show cause, if there be any, to this Court at

~~3:00~~ p.m. on the ~~27th~~ day of June 2023, in ~~Room~~ ~~of the Daniel Patrick~~ *via video conference which Plaintiff shall arrange with the Deputy Clerk, Mr. Mohieu,* ~~Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007,~~ why this Court should

not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Securities Act

Section 20(b), Exchange Act Section 21(d)(1), and Advisers Act Section 209 preliminarily enjoining

Defendant from violating Securities Act Sections 5(a), 5(c) and 17(a); Exchange Act Sections 10(b)

and 15(a) and Rule 10b-5 thereunder; and Advisers Act Section 206 and Rule 206(4)-8 thereunder.

## II.

**IT IS FURTHER ORDERED** that Defendant show cause at that time why this Court

should not also enter an Order directing that, pending a final disposition of this action, each of its

officers, agents, servants, employees and attorneys and those persons in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise,

including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain

funds and other assets that constitute Legend Assets that are presently held by them, for their direct

or indirect benefit, under their direct or indirect control or over which they exercise actual or

apparent investment or other authority, in whatever form such assets may presently exist and

wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any

charges on any credit card or draws on any other credit arrangement), transfer, dissipation,

assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or

other assets, which are hereby frozen, including, but not limited to, such funds held in the bank accounts listed on Exhibit A.[1]

## III.

**IT IS FURTHER ORDERED** that Defendant show cause at that time why this Court should not also enter an Order appointing a Receiver for the Receivership Entities, as described above and as set forth in the proposed Order Appointing Receiver, to (a) preserve the status quo; (b) ascertain the true financial condition of the Receivership Entities and the disposition of investor funds; (c) prevent further dissipation of the property and assets of the Receivership Entities and all entities they control or have an ownership interest in; (d) prevent the encumbrance or disposal of property or assets of the Receivership Entities and the investors; (e) preserve the books, records and documents of the Receivership Entities; (f) be available to respond to investor inquiries; and (g) protect the assets of the Receivership Entities.

## IV.

**IT IS FURTHER ORDERED** that Defendant show cause at that time why this Court should not also enter an Order enjoining the filing of any new bankruptcy, foreclosure, receivership, or other actions by or against the Receivership Entities.

## V.

**IT IS FURTHER ORDERED** that Defendant show cause at that time why this Court should not also enter an Order directing Defendant to serve upon Plaintiff, within five (5) business days, or within such extension of time as the Plaintiff agrees to, a verified written accounting identifying (i) the current assets, money, and property held directly or indirectly by the Receivership

---

[1] The Commission is authorized to transmit a version of Exhibit A that contains the full bank account numbers subject to this Order to the relevant financial institutions listed on Exhibit A.

Entities, or by others for the direct or indirect beneficial interest of the Receivership Entities; and (ii) the use of all investor funds raised by the Receivership Entities. Legend shall serve such sworn statement on Plaintiff's counsel, Daniel Loss, by email sent to LossD@sec.gov.

## VI.

**IT IS FURTHER ORDERED** that Defendant show cause at that time why this Court should not also enter an Order enjoining and restraining Defendant, and any person or entity acting at its direction or on its behalf, or any other person, from destroying, altering, concealing, or otherwise interfering with the access of Plaintiff and the receiver (if appointed) to any and all documents, books and records, that are in the possession, custody or control of Defendant, and each of its officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to the Receivership Entities' finances or business operations.

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, Defendant is temporarily restrained from violating Securities Act Section 17(a) [15 U.S.C. § 77q(a)], in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)      to employ any device, scheme, or artifice to defraud;

(b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, Defendant is temporarily restrained from violating Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

8

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, Defendant is temporarily restrained from violating Advisers Act Section 206 [15 U.S.C. § 80b-6] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], by, while acting as an investment adviser, using any means or instrumentalities of interstate commerce, or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange:

(a)     to employ any device, scheme, or artifice to defraud any client or prospective client;

(b)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

(c)     acting as principal for his own account, knowingly to sell any security to or purchase any security from a client, or acting as broker for a person other than such client, knowingly to effect any sale or purchase of any security for the account of such client, without disclosing to such client in writing before the completion of such transaction the capacity in which it is acting and obtaining the consent of the client to such transaction; or

(d)     to engage in any acts, practices, or courses of business which are fraudulent, deceptive, or manipulative.

9

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**X.**

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, Defendant is temporarily restrained from violating Securities Act Sections 5(a) and 5(c) [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(b)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Securities Act Section 8 [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, Defendant is temporarily restrained from violating Exchange Act Section 15(a)(1) [15 U.S.C. § 78o(a)(1)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered as a broker or dealer in accordance with subsection Exchange Act Section 15(b) [15 U.S.C. § 78o(b)].

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## XII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, Defendant and each of its officers, agents, servants, employees and attorneys and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, including facsimile transmission,

electronic mail, or overnight delivery service, shall hold and retain funds and other assets constituting Legend Assets that are presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, such funds held in the accounts listed on Exhibit A.

## XIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, all banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of the Receivership Entities or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including but not limited to all such funds held in the accounts listed in Exhibit A, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

12

## XIV.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, no person or entity, including any creditor or claimant against any of the Receivership Entities, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets, including, but not limited to the filing of any lawsuits, liens or encumbrances or bankruptcy cases to impact the property and assets subject to this Order.

## XV.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, Defendant, any person or entity acting at its direction or on its behalf, and any other third party, be and hereby is enjoined and restrained from destroying or altering any and all documents, books, and records that are in the possession, custody or control of the Receivership Entities and each of their respective officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to the Receivership Entities' finances or business operations or the offer, purchase or sale of securities and the use of proceeds therefrom.

## XVI.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Plaintiff's application for a preliminary injunction be served upon Defendant on or before June 23, 2023, by personal delivery, facsimile, email, overnight courier, or first-class mail.

## XVII.

**IT IS FURTHER ORDERED** that Defendants shall deliver any opposing papers in response to this Order to Show Cause above no later than June 26, 2023 at 5 pm. Service shall be made either by ECF or by email (to LossD@sec.gov) on Plaintiff's counsel.  Plaintiff shall have until June 27, 2023, to serve, either by ECF or by the most expeditious means available, at or before 1 pm any reply papers upon Defendant, or upon its counsel, if counsel shall have made an appearance in this action.

## XVIII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendant, and each of its respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with it who receive actual notice of this Order by personal service, facsimile service, or otherwise.

**SO ORDERED.**

Dated: New York, New York
       June 22, 2023
Issued at 4:42 pm

_____
United States District Judge

14