UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

LEGEND VENTURE PARTNERS LLC,

Defendant.

---

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-29-2023
```

23 Civ. 5326 (LAK)

## [PROPOSED] ORDER IMPOSING PRELIMINARY INJUNCTION AND OTHER RELIEF

**WHEREAS** the Securities and Exchange Commission (the "Commission") filed this action on June 22, 2023, against Defendant Legend Venture Partners LLC ("Legend" or "Defendant");

**WHEREAS** the Commission filed an emergency application for an order to show cause, temporary restraining order, and preliminary injunction including an asset freeze, receiver, and other relief on June 22, 2023 (Dkts. 6-15) (the "Emergency Application");

**WHEREAS** Legend entered a notice of appearance on June 22, 2023, and responded to the Emergency Application on June 26, 2023 (Dkts. 22-24);

**WHEREAS** the Commission filed its reply brief in further support of the Emergency Application on June 27, 2023 (Dkt. No. 25);

**WHEREAS** the Court has subject matter jurisdiction over this action pursuant to Section 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v(a)], Sections 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa], and Section 214(a) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-14(a)];

**WHEREAS** venue is proper in this District pursuant to Securities Act Section 22(a) [15 U.S.C. § 77v(a)], Exchange Act Section 27 [15 U.S.C. § 78aa], and Advisers Act Section 214 [15 U.S.C. § 80b-14];

**WHEREAS** the Court has considered the record on the Emergency Application and finds that, based upon that record, the Commission has made a proper showing, as required by Securities Act Section 20(b), Exchange Act Section 21(d)(1), and Advisers Act Section 209(d) for the relief set forth herein;

**NOW THEREFORE:**

I.

**IT IS HEREBY ORDERED** that, pending final disposition of this action, Defendant is restrained and enjoined from violating Securities Act Section 17(a) [15 U.S.C. § 77q(a)], in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys;

and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendant is restrained and enjoined from violating Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendant is restrained and enjoined from violating Advisers Act Section 206 [15 U.S.C. § 80b-6] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], by, while acting as an investment

3

adviser, using any means or instrumentalities of interstate commerce, or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client;

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

(c) acting as principal for his own account, knowingly to sell any security to or purchase any security from a client, or acting as broker for a person other than such client, knowingly to effect any sale or purchase of any security for the account of such client, without disclosing to such client in writing before the completion of such transaction the capacity in which it is acting and obtaining the consent of the client to such transaction; or

(d) to engage in any acts, practices, or courses of business which are fraudulent, deceptive, or manipulative.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendant is restrained and enjoined from violating Securities Act Sections 5(a) and 5(c) [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(b) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Securities Act Section 8 [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendant is temporarily restrained from violating Exchange Act Section 15(a)(1) [15 U.S.C. § 78o(a)(1)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an

exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered as a broker or dealer in accordance with subsection Exchange Act Section 15(b) [15 U.S.C. § 78o(b)].

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

**IT IS FURTHER ORDERED** that, pending the earlier of the appointment of a receiver, if any, over Legend and Legend Ventures Fund 1 LLC, Legend Ventures Fund 2 LLC, Legend Ventures Fund 3 LLC, Legend Ventures Fund 4 LLC, and Legend Ventures Fund 5 LLC (collectively, the "Legend Funds") or final disposition of this action, Defendant and each of its officers, agents, servants, employees and attorneys and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise shall hold and retain funds and other assets constituting assets of Legend and the Legend Funds that are presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or

6

diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, such funds held in the accounts listed on Exhibit A.[1]

## VII.

**IT IS FURTHER ORDERED** that, pending the earlier of the appointment of a receiver, if any, over Legend and the Legend Funds or final disposition of this action, all banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Legend or the Legend Funds or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including but not limited to all such funds held in the accounts listed in Exhibit A, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

## VIII.

**IT IS FURTHER ORDERED** that no person or entity, including any creditor or claimant against Legend the Legend Funds, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets, including, but not limited to the filing of any lawsuits, liens or encumbrances or bankruptcy cases to impact the property and assets of Legend or the Legend Funds.

---

[1] The Commission is authorized to transmit a version of Exhibit A that contains the full bank account numbers subject to this Order to the relevant financial institutions listed on Exhibit A.

## IX.

**IT IS FURTHER ORDERED** that Defendant serve upon the Commission, within five business days, or within such extension of time as the Commission agrees to in writing or that the Court grants upon request, a verified written accounting identifying (i) the current assets, money, and property held directly or indirectly by the Legend and the Legend Funds or by others for the direct or indirect beneficial interest of Legend and the Legend Funds; and (ii) the use of all investor funds raised by Legend and the Legend Funds. Defendant shall serve such sworn statement on the Commission's counsel, Daniel Loss, by email sent to LossD@sec.gov.

## X.

**IT IS FURTHER ORDERED** that Defendant, and any person or entity acting at its direction or on its behalf, are restrained and enjoined from destroying, altering, concealing, or otherwise interfering with the access of the Commission to any and all documents or books and records that are in the possession, custody or control of Defendant, and each of its officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to Legend of the Legend Funds' finances or business operations.

## XI.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendant, and each of its respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

SO ORDERED.

Dated: New York, New York
         June 29, 2023

Issued at 11:03 AM

Hon. Lewis A. Kaplan
United States District Judge

9