UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7-7-2023__
```

SECURITIES AND EXCHANGE COMMISSION,

                                Plaintiff,

        -against-

LEGEND VENTURE PARTNERS LLC,

                                Defendant.

23 Civ. 5326

## [PROPOSED] ORDER APPOINTING RECEIVER

**WHEREAS** Plaintiff Securities and Exchange Commission (the "Commission") filed this action against Defendant Legend Venture Partners LLC ("Legend" or "Defendant") alleging that Legend violated Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933; Sections 15(a) and 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder; and Sections 206(1), 206(2), 206(3), and 206(4) of the Investment Advisers Act of 1940 and Rule 206(4)-8 thereunder in connection with its operation of five private funds—Legend Ventures Fund 1 LLC, Legend Ventures Fund 2 LLC, Legend Ventures Fund 3 LLC, Legend Ventures Fund 4 LLC, and Legend Ventures Fund 5 LLC (collectively, the "Legend Funds") (together, Legend and the Legend Funds are the "Receivership Entities");

**WHEREAS** the Court finds that, based on the record of the proceedings, and for good cause shown, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Receivership Entities;

**WHEREAS** this Court has subject matter jurisdiction over this action, personal jurisdiction over the Receivership Entities, and venue properly lies in this District.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**:

## I.     Marshalling of Receivership Property

This Court hereby takes exclusive jurisdiction and possession of assets, of whatever kind and wherever situated, of the Receivership Entities (the "Receivership Property"), including, without limitation (i) monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights, economic interests, and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly (ii) the bank accounts listed on Exhibit A, shares of, rights to shares of, interests in special purpose vehicles of funds, economic interests and/or forward contracts concerning the shares of private companies that have the potential for sale or public offering ("Pre-IPO Shares"), including, without limitation, Pre-IPO Shares of the companies listed on Exhibit B, and (iii) any property of the Receivership Entities that are (a) held in constructive trust for the Receivership Entities as determined by the Court; (b) were fraudulently transferred out of Receivership Entities as determined by the Court; and/or (c) may otherwise be includable as property specifically covered by this Order.

Accordingly, all persons and entities with direct or indirect control over any Receivership Property, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of or withdrawing such assets. This judicial possession and restraint shall include, but not be limited to, Receivership Property that are on deposit with financial institutions such as banks, brokerage firms, and mutual funds. This judicial possession and restraint shall also include, but not be limited to, all assets, deposits, interests and holdings that are directly or indirectly managed by Legend.

2

## II.   Appointment of the Receiver

Until further Order of this Court, _____Melanie L. Cyganowski_____ is hereby appointed

to serve without bond as receiver (the "Receiver") for the estate of the Receivership Entities

(collectively, the "Receivership Estate").

## III.   General Powers and Duties of the Receiver

The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by

the Receivership Entities and/or officers, directors, managers, and general and limited partners of

the Receivership Entities under applicable state and federal law, regulation or rule by the governing

charters, by-laws, articles, and/or agreements in addition to all powers and authority of a receiver at

equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and

1692, and Fed. R. Civ. P. 66, except that the Receiver shall, consult with the Commission staff, and

seek leave of Court prior to initiating any affirmative litigation.

The trustees, directors, officers, managers, employees, investment advisors, accountants,

attorneys and other agents of the Receivership Entities are hereby dismissed and the powers of any

general partners, directors, and/or managers are hereby suspended. Such persons and entities shall

have no authority with respect to the Receivership Entities' operations or assets, except to the extent

as may hereafter be expressly granted by the Receiver or the Court. The Receiver shall assume and

control the operation of the Receivership Entities and shall pursue and preserve all of their claims.

No person holding or claiming any position of any sort with any of the Receivership Entities

shall possess any authority to act by or on behalf of any of the Receivership Entities.

Subject to the specific provisions in this Order, the Receiver shall have the following general

powers and duties:

A.   To use reasonable efforts to determine the nature, location, and value of all
Receivership Property;

B.      To take custody, control, and possession of all Receivership Property, and records relevant thereto, from the Receivership Entities and from any entities or individuals in possession of Receivership Property or records relevant thereto;

C.      To sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto in accordance with this Order;

D.      To manage, control, operate, and maintain the Receivership Estate and hold in the Receiver's possession, custody, and control all Receivership Property, pending further Order of this Court;

E.      To use Receivership Property for the benefit of the Receivership Estate, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging the Receiver's duties as Receiver;

F.      To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, members, managers, trustees, and agents of the Receivership Entities;

G.      To engage and employ, subject to prior order of the Court and in accordance with the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions"), persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, experts, and others that the Receiver deems necessary to assist in carrying out the Receiver's duties and responsibilities hereunder;

H.      To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

I.      The Receiver is authorized, without further Order of the Court, to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

J.      To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging the Receiver's duties as Receiver, except that the Receiver shall, consult with the Commission staff, and seek leave of Court prior to initiating any affirmative litigation;

K.      To pursue, resist, and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Estate;

L.      To make necessary or required filings in the counties, states, and/or jurisdictions in which the Receivership Property is located in order to secure these assets;

M.      If necessary, to propose a distribution plan for the Receivership Property to investors after consultation with the Commission staff and upon motion to the Court; and

N.      To take such other action as may be approved by this Court.

## IV.    Access to Information

The past and/or present officers, directors, agents, managers, members, trustees, attorneys, accountants, and employees of the Receivership Entities, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic records of the Receivership Entities and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, email accounts; and all other instruments and papers (collectively, "Books and Records").

The Receivership Entities' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers, general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Entities, or any other matter relevant to the operation or administration of the Receivership Estate or the collection of funds due to the Receivership Entities.  Notwithstanding the foregoing, nothing in this Order shall be construed as a waiver of any person's Fifth or Sixth Amendment rights, or of any applicable privilege.

## V.    Access to Books, Records, and Accounts

The Receiver is authorized to take immediate possession of all assets, bank accounts, or other financial accounts, books and records and all other documents or instruments subject to this Order.  All persons and entities having control, custody, or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

The Receivership Entities as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Entities, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business,

books, records, accounts, or Receivership Property are hereby directed to deliver the same to the Receiver, the Receiver's agents, and/or the Receiver's employees.

All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any Receivership Property or any assets or funds held by, in the name of, or for the benefit of, the Receivership Entities that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

A.  Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Entities except upon instructions from the Receiver;

B.  Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.  Within five (5) business days of receipt of that notice, serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D.  Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

Any other third parties that may have relevant documentation or information concerning Pre-IPO Shares, such as the companies that issued the Pre-IPO Shares, the transfer agents for those companies, and the counterparties with whom the Receivership Entities contracted in order to acquire Pre-IPO Shares, shall cooperate with the Receiver in fulfilling the Receiver's duties as set forth in this Order.

## VI.   Access to Real and Personal Property

The Receiver is authorized to take immediate possession of the Receivership Property, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, email accounts, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit,

stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Entities, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

## VII.    Notice to Third Parties

The Receiver shall promptly give notice of the Receiver's appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and members of the Receivership Entities, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

All persons and entities owing any obligation, debt, or distribution with respect to Receivership Property shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Entity had received such payment.

In furtherance of the Receiver's responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estate.  All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the Commission.

The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Entities (the "Receiver's Mail"), including all mail addressed to, or for the benefit of,

the Receivership Entities. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Entities shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented, or used by the Receivership Entities. The Receivership Entities shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository, or courier service.

Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage, or trash removal services to the Receivership Entities shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

## VIII.   Injunction Against Interference with Receiver

The Receivership Entities and all persons receiving notice of this Order by personal service, facsimile, or otherwise, are, subject to the terms of this Order, hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

A.   Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include, but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.   Hinder, obstruct, or otherwise interfere with the Receiver in the performance of the Receiver's duties; such prohibited actions include but are not limited to, concealing, destroying, or altering records or information;

C.   Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning, or in any way conveying any Receivership

Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Entity, or attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate the due date of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by any Receivership Entity or which otherwise affects any Receivership Property;

D.    Interfere with the Receiver's communication with investors; such prohibited actions include but are not limited to Legend's former agents, servants, employees, officers, directors, managers and general partners, attorneys, or other such related persons contacting any Legend investors. If a Legend investor contacts former Legend agents, servants, employees, officers, directors, managers and general partners, or attorneys, or such other related persons, those persons will immediately refer the investor to the Receiver and the Receiver's website; or

E.    Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate.

The Receiver shall promptly notify the Court and the Commission's counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## IX.    Stay of Litigation

As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his or her capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities including subsidiaries and affiliates; or (d) any of the Receivership Entities' past or present officers, directors, managers, agents, or members sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entities against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

The action *Meyer, et al., v. Legend Venture Partners, LLC, et al.*, 23 Civ. 960-JPO (SDNY Feb. 6 2023), is an Ancillary Proceeding.

The parties to any current or prospective Ancillary Proceedings may seek relief from the provisions of this Section from the Court, after first notifying the Receiver, the Commission counsel, and counsel for Legend of their intent to do so on three (3) business days' notice so that they may provide their respective positions on the application without prejudice to the right to object or otherwise be heard on the application to the Court.

## X. Managing Assets

The Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

If appropriate, the Receiver may formulate and propose, after consultation with the Commission staff, to the Court, on motion, plans for the distribution to investors of any of the Receivership Estate, and/or Receivership Property.

Notwithstanding the foregoing, the Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property, but in no event shall the Receiver make any payments or transfers of Receivership Property or Receivership Funds of a value in excess of $10,000.00 without prior Order of the Court.

Upon further Order of this Court, pursuant to such procedures as may be required by this Court, and additional authority under 28 U.S.C. §§ 2001 and 2004, the Receiver may be authorized to sell personal property and sell, and transfer clear title to, all real property (if any) in the Receivership Estate.

The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estate, including making legally required payments to creditors providing goods or services with the Receiver's consent to the Receivership Estate on or after the date of this order, and employees, and agents of the Receivership Estate and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

To the extent appropriate, the Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions.  The Receiver shall be designated the administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to (a) obtaining a taxpayer identification number, (b) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon, and (c) satisfying any information, reporting or withholding requirements imposed on distributions from the Settlement Fund.  The Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement Fund as a "Qualified Settlement Fund."  The Receivership Entities shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg. § 1.468B-2.

## XI.    Investigate and Prosecute Claims

Subject to the requirement in Sections III and IX above that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered, and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in the Receiver's discretion, and in consultation with the Commission's counsel, be advisable or proper to recover and/or conserve Receivership Property.

Subject to the requirement in Sections III and IX above that leave of this Court is required to resume or commence certain litigation, as well as the Receiver's obligation to expend Receivership Funds in a reasonable and cost-effective manner, the Receiver is authorized and empowered to investigate the manner in which the financial and business affairs of the Receivership Entities were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.  Where appropriate, the Receiver should provide prior notice to counsel for the Commission before commencing such investigations and/or actions.

The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, the Receiver's Retained Personnel (as that term is defined below), and the Receivership Estate and/or Receivership Property.

## XII.    Bankruptcy Filings

The Receiver may, upon no less than fourteen (14) days' notice to the Commission, seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States

Code (the "Bankruptcy Code") for the Receivership Entities. If a Receivership Entity is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity, subject to the limitations of this Order. Pursuant to Section III above, the Receiver is vested with management authority for all Receivership Entities and may therefore file and manage a Chapter 11 petition.

The provisions of Section IX above bar any person or entity, other than the Receiver, from placing any of the Receivership Entities in bankruptcy proceedings.

## XIII.   Liability of Receiver

Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with the Receiver's fiduciary obligations in this matter.

The Receiver and the Receiver's agents, acting within scope of such agency ("Retained Personnel"), are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

The Receiver and the Receiver's advisers and agents shall be indemnified by each of the Receivership Entities except for gross negligence, willful misconduct, fraud, or breach of fiduciary duty determined by a final order no longer subject to appeal, for all judgments, costs, reasonable expenses including legal fees (which shall be paid under the indemnity after court approval as they

arise), arising from or related to any and all claims of whatsoever type brought against any of them in their capacities as Receiver or advisers or agents of the Receiver; provided, however, that nothing herein shall limit the immunity of the Receiver and the Receiver's advisers and agents allowed by law or deprive the Receiver or the Receiver's advisers and agents of indemnity for any act or omission for which they have immunity.

This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XIV.   Recommendations and Reports

The Receiver is authorized, and empowered, in consultation with Commission staff to develop a plan for the fair, reasonable, and efficient recovery and distribution of all remaining, recovered, and recoverable Receivership Property. If appropriate, the Receiver is also authorized and empowered to develop a plan for the fair, reasonable, and efficient distribution of the Receivership Property to investors in any of the Legend Funds. The Receiver shall seek Court approval by motion for any such distribution plan.

Within thirty (30) days after the entry of this Order, the Receiver shall file and serve a full report and accounting of the Receivership Property (the "First Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estate. To the extent necessary, and in compliance with the Local Civil Rules in this District and/or the Court's

14

individual rules, the Receiver may file portions of the First Status Report under seal. For good cause shown, the Receiver may seek leave of Court to extend the date by which to file the First Status Report.

Within thirty (30) days after the end of each calendar quarter, starting with the first full calendar quarter after entry of this Order, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estate.

The Quarterly Status Report shall contain the following:

A.   A summary of the operations of the Receiver;

B.   The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the Receivership Estate;

C.   An inventory of the Pre-IPO Shares held by the Receivership Entities;

D.   A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

E.   A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

F.   A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and (ii) collecting such judgments);

G.   A list of all known creditors with their addresses and the amounts of their claims;

H.   The status of any creditor claims process or proceeding, after such process or proceeding have been commenced; and

I.   The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

To the extent necessary, and in compliance with the Local Civil Rules in this District and/or the Court's individual rules, the Receiver may file portions of the Quarterly Status Report under seal.

On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## XV.    Fees, Expenses, and Accountings

Subject to the provisions in Section X above and immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership.  Further, prior Court approval is not required for payments of applicable federal, state, or local taxes.

Subject to the following provision, the Receiver is authorized to solicit persons and entities to assist the Receiver in carrying out the duties and responsibilities described in this Order (i.e., Retained Personnel).  The Receiver shall not engage any Retained Personnel without obtaining an Order of the Court authorizing such engagement.

The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the Billing Instructions agreed to by the Receiver.  Such compensation shall require the prior approval of the Court.

Within forty-five (45) days after the end of each calendar quarter, starting with the first full calendar quarter after entry of this Order, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the Commission a complete copy of the proposed

Quarterly Fee Application, together with all exhibits and relevant billing information in a format to be provided by the Commission.

All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court in the Commission staff's discretion or such other percentage holdback as the Court may order on its own motion or on the request of the Commission.  The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

Each Quarterly Fee Application shall:

A.   Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.   Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express, or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by the Commission's staff, as well as the Receiver's final application for compensation and expense reimbursement.

## XVI.   Rights to Object

Nothing herein shall be construed to prevent the Defendant's owners and managers from filing or opposing any motion concerning the receivership or objecting to any actions, requests, demands or omissions by the Receiver.

*Memorandum to follow*

**SO ORDERED.**

Dated: ___7/7___, 2023
       New York, New York

*Leaved at 5:13 pm*

_____
United States District Judge

18

<u>Exhibit A</u>

| Account Name | Financial Institution | Account Type | Last Four Digits of Account Number |
|---|---|---|---|
| Legend Venture Partners LLC | Signature Bank | Bank | 4880 |
| Legend Ventures Fund 1 LLC | Signature Bank | Bank | 4872 |
| Legend Ventures Fund 2 LLC | Signature Bank | Bank | 5267 |
| Legend Ventures Fund 3 LLC | Signature Bank | Bank | 5585 |
| Legend Ventures Fund 4 LLC | Signature Bank | Bank | 5615 |
| Legend Ventures Fund 5 LLC | Signature Bank | Bank | 6069 |

**Exhibit B**

| |
|---|
| Flexport |
| Plaid |
| SpaceX |
| The Zebra |
| Triller |
| Voyager Space |
| Zipline |