# **EXHIBIT H**

Certification

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION, :
                                           :

                        Plaintiff,         :

                                             :

     -v-                                         :          No. 1:23-cv-05326-LAK

                                           :

LEGEND VENTURE PARTNERS LLC,        :

                                           :

                      Defendant.      :
------------------------------------------------------------------X

**CERTIFICATION IN SUPPORT OF FIRST JOINT**
**INTERIM APPLICATION OF THE RECEIVER AND OTTERBOURG P.C.**
**FOR ALLOWANCE OF COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD**
**JULY 7, 2023 THROUGH AND INCLUDING SEPTEMBER 30, 2023**

        I, Erik B. Weinick (the "Certifying Professional"), hereby certify that Melanie L. Cyganowski (the "Receiver") and Otterbourg P.C. ("Otterbourg") have designated me as the Certifying Professional with respect to the Certification required by Section A of the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission (the "SEC Billing Guidelines") and further certify that:

        1.       I am an attorney admitted to practice law in the Southern District of New York and in the State of New York and am a Member at Otterbourg.

        2.       I have read the First Joint Interim Application of The Receiver and Otterbourg P.C. for Allowance of Compensation and Reimbursement of Expenses Incurred During the Period July 7, 2023 Through and Including September 30, 2023 (the "Interim Application").

        3.       To best of my knowledge, information, and belief formed after reasonable inquiry, the Interim Application and all fees and expenses sought therein are true and accurate and comply with the SEC Billing Guidelines, except as noted:

1

a.    Otterbourg has made every reasonable effort to ensure that all billing professionals placed all related time entries in a single activity category (designated by task code). However, some variations may have occurred.

4.    All fees contained in the Interim Application are based on the rates listed in the Fee Schedule (Exhibit B to the Application), subject to the accommodations described in the Interim Application, and all such fees are reasonable, necessary, and commensurate with the skill and experience required for the activity performed.

5.    All necessary and reasonable expenses contained in the Interim Application are based on the actual cost incurred by Otterbourg.  Otterbourg has not included in the amounts for which expense reimbursement is sought any amortization of the cost of any investment, equipment, or capital outlay (except to the extent any such amortization is included within the permitted allowable amounts for photocopies and fax transmission).

6.    In seeking reimbursement for an outside vendor service, which Otterbourg justifiably purchased or contracted for from a third party (such as court reporting services, electronic research, and overnight courier), Otterbourg requests reimbursement only for the actual amount billed to Otterbourg by the third-party vendor and paid by Otterbourg to such vendor. Neither the Receiver nor Otterbourg is making a profit on such reimbursable service.

7.    I represent that (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) except with respect to the SEC Billing Guidelines, with which the Receiver has agreed to comply, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

2

Dated: New York, NY
November 14, 2023

*/s/ Erik B. Weinick*
Erik B. Weinick
Certifying Professional