**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION, :
                                    :
                    Plaintiff,      :
                                    :
        -v-                         :         No. 1:23-cv-05326-LAK
                                    :
LEGEND VENTURE PARTNERS LLC,        :
                                    :
                    Defendant.      :
-------------------------------------------------------------X

### THE RECEIVER'S SIXTH QUARTERLY STATUS REPORT TO THE COURT

Melanie L. Cyganowski, the receiver (the "***Receiver***") for Legend Venture Partners LLC ("***LVP***"), Legend Ventures Fund 1 LLC, Legend Ventures Fund 2 LLC, Legend Ventures Fund 3 LLC, Legend Ventures Fund 4 LLC, Legend Ventures Fund 5 LLC (collectively, the "***LV Funds***", and together with LVP, the "***Receivership Entities***" or "***Legend***"), by her undersigned counsel, hereby submits this Sixth Quarterly Status Report, covering the period from October 1, 2024, through and including December 31, 2024 (the "***Reporting Period***"), as required by the Order Appointing Receiver [Dkt. 33] (the "***Receivership Order***"),[1] entered on July 7, 2023, which appointed the Receiver for the estate of the Receivership Entities (the "***Receivership Estate***" or "***Receivership***").[2]

## I.      Preliminary Statement

During and after the Reporting Period, the Receiver continued to review and monitor Legend's ownership interests in specific private companies (each, a "***Pre-IPO Company***") in

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed in the Receivership Order.

[2] The Receiver already reported on a portion of her activities during the Reporting Period in her Fifth Quarterly Status Report to the Court [Dkt. 127] dated October 30, 2024.  Similarly, as this report is being filed after the conclusion of the Reporting Period, this report will include descriptions by the Receiver of activities that occurred both during and after the Reporting Period.

which Legend owns interests ("**Pre-IPO Shares**").[3]   Approximately ninety-eight (98%) of Legend's ownership interests are in special purpose vehicles ("**SPVs**"), which are non-Legend entities controlled by third-parties that invested directly or indirectly in Pre-IPO Companies. During and after the Reporting Period, the Receiver continued to collect information from certain of the SPVs.  The SPVs in which Legend owns interests do not in all instances own direct shares in Pre-IPO companies, but instead own interests in other SPVs, which complicates analysis.

Additionally, during the Reporting Period, the Receiver has focused on obtaining material related to Legend's business operations that pursuant to the Receivership Order are required to be produced to the Receiver. Accordingly, to obtain the requested data, both prior to and during the Reporting Period, the Receiver's counsel communicated with former counsel for Legend and former or current counsel for certain individuals associated with Legend's pre-receivership business operations, including Mario Gogliormella ("**Gogliormella**"), Steven Lacaj ("**Lacaj**") and Adam Ibrahim ("**A. Ibrahim**" and with Gogliormella and Lacaj, the "**Legend Related Persons**"). The Receiver is currently determining the appropriate next steps regarding the requested data. The information sought through the Motion to Compel may provide important information that could shape the Receiver's decisions on how to proceed in this Receivership.

The Receiver's financial advisor has undertaken an analysis to determine the investor contributions in Legend and the use of those contributions.  Given the limited resources available, the Receiver is considering the most efficient path forward in administering the Receivership in order to maximize the benefit to investors.

---

[3] Although this Report generally refers to "Shares" in Pre-IPO Companies, as described by the Receiver in her status reports to the Court, the Receivership Entities' interests in Pre-IPO Companies are not necessarily actual shares of stock in Pre-IPO Companies.  Legend purchased Pre-IPO interests primarily through (i) interests in special purpose vehicles, which are non-Legend entities controlled by third-parties that invested in Pre-IPO Companies; and (ii) forward contracts.  Solely for convenience, this Report refers to "Shares" to include all such interests acquired by the Receivership Entities.

II.     **SUMMARY OF OPERATIONS OF THE RECEIVERSHIP**

    A. **Review of Legend's Interests and Preparing for Liquidity Events of Pre-IPO Companies**

As noted above, approximately ninety-eight (98%) of Legend's ownership interests are in special purpose vehicles ("***SPVs***"), which are non-Legend entities controlled by third-parties that invested in Pre-IPO Companies. During the Reporting Period, the Receiver communicated with the managers of certain of the SPVs in which Legend owns interests, and reviewed documents related to the interests. Further, the SPVs do not in all instances own shares in Pre-IPO companies, but own interests in other SPVs. The Receiver is continuing to review the complicated investment structure.

While the vast majority of Legend's ownership interests are in SPVs, the Receiver continued to prepare for the possible public listing or other liquidity event of certain Pre-IPO Companies owned directly or indirectly by the SPVs. These include Triller Corp. ("***Triller***"), which completed a merger with a public company on October 15, 2024.

On April 18, 2024, Triller announced that it entered into a definitive merger agreement with AGBA Group Holding Limited ("***AGBA***") to combine AGBA with Triller. During the Reporting Period, on October 15, 2024, AGBA announced that it completed its merger with Triller, forming Triller Group Inc. ("***Group***"). Group's common stock began trading publicly on October 16, 2024. According to information provided by Group, prior to the merger, a reverse stock split was implemented, which resulted in shareholders of Triller receiving one (1) share of Group for every four (4) shares of Triller. The Receiver is advised that shareholders of Group are generally subject to a lock up and their shares will become freely tradeable after a six month holding period that commenced on October 15, 2024, the date of the completion of the merger.

Legend purchased equity interests in an unaffiliated SPV that purportedly owns shares of Triller.  After the merger was completed, the Receiver's counsel communicated with counsel for the manager of the SPV to understand, among other things, whether, and if so when, the Group shares will be distributed to the Receiver.

### B.  The Receivership Entities' Financial and Operational Information

During the Reporting Period, the Receivership Team continued to gather information pertinent to administration of the estate, including information with respect to Legend's business operations.

During the Reporting Period, the Receiver's counsel communicated with former or current counsel for the Legend Related Persons (Gogliormella, Lacaj, and A. Ibrahim) to obtain certain electronic data, including certain text messages and other electronic data relating to Legend's business operations (the "***Electronic Data***").  The Receiver is considering what steps to take next regarding the Electronic Data.

### C.  Taxes

During the Reporting Period, the Receiver worked on issues related to the tax return for the "Qualified Settlement Fund," which was filed on October 15, 2024.

### D.  Plan of Distribution

The Receiver is considering different distribution scenarios and is also listening to investors' suggestions concerning a distribution. The Receiver expects to provide further information on a potential plan of distribution in the coming months.

### E.  Communications with Investors and Parties-In-Interest

The Receiver maintains a dedicated email address for inquiries (legendreceivership@stout.com).  During the Reporting Period, the Receivership Team responded to phone calls and correspondence from investors and purported creditors and communicated with

those parties.  As of mid-January 2025, the Receivership Team has received or made over 330 individual communications by phone and email with parties-in-interest, including receiving inquiries from over 162 investors and other parties-in-interest.

### F.  The Fifth Status Report

In accordance with Section XIV of the Receivership Order, on October 30, 2024, the Receiver filed the Fifth Quarterly Report. [Dkt. 127].

## III.    CASH, EXPENSES, AND UNENCUMBERED ASSETS

Attached hereto as **Exhibit A** is the Standardized Fund Accounting Report ("***SFAR***") as of December 31, 2024, which sets forth a schedule summarizing cash receipts and disbursements, as well as cash on hand for the Reporting Period, in the Receivership case.

### A.  Financial Information

As of December 31, 2024, the Receivership Entities had $0 in cash.  As of the date of this Status Report, the court-approved interim fees and expenses of the Receivership Team are approximately $444,929.90 in fees and $12,138.62 in expenses, of which (i) the aggregate amount of $88,985.98 is subject to holdback, and (ii) and the aggregate amount of $368,082.54 is not subject to holdbacks (including expenses) (the "***Previously Approved Non-Holdback Amount***"). The Receiver has paid $0 of the Previously Approved Non-Holdback Amount.  In all, $368,082.54 of the Previously Approved Non-Holdback Amount remains unpaid.

### B.  Cash disbursements and receipts

Cash disbursements during the Reporting Period totaled $0.

Cash receipts during the Reporting Period totaled $0.

## IV.    RECEIVERSHIP PROPERTY AND PRE-IPO SHARES

At the time of this report, the Receiver continues to collect and review financial information with respect to the Receivership Entities, including the ownership of the Pre-IPO Shares.  As

alleged in the Complaint, LVP purchased the Pre-IPO Shares for $22 million. The current value of the Receivership Entities' investment portfolio is difficult to determine and is subject to change based on the market for Pre-IPO Shares.

**V.    LIQUIDATED AND UNLIQUIDATED CLAIMS HELD BY THE RECEIVERSHIP ESTATE/INVESTIGATION OF TRANSACTIONS**

The Receiver is continuing to investigate potential liquidated and unliquidated causes of action, if any held by the Receivership Entities. The Receivership Entities may have causes of action against a number of parties which the Receiver is considering. The Receiver cannot at this time state whether she will seek leave to commence any actions and, if commenced, their value or the likelihood of collecting on any judgment that may ultimately be obtained.

**VI.    CLAIMS ANALYSIS**

The Receiver has not yet initiated a formal claims process. As noted, the Receiver has been assembling information with respect to investors and is considering the timing and implementation of a claims process in an effort to make the claims process as efficient as possible, including implementing the claims process simultaneously with a plan of distribution.

**VII.    RECOMMENDATIONS FOR CONTINUATION OR DISCONTINUATION OF RECEIVERSHIP**

The Receiver believes that continuation of the Receivership is in the best interests of the creditors and investors of Legend. While the Receivership Entities could be administered in a bankruptcy proceeding, the Receiver believes that continuing with the orderly administration of the Receivership Entities in this Receivership case provides much greater flexibility to achieve an equitable result for the investors and is more cost effective than a bankruptcy proceeding.

**VIII.    CONCLUSION**

The Receiver will provide further information about the state of the receivership as it becomes available. In the interim, the Receiver is working to (i) gather information related to the

Receivership Entities' financial and operational information; and (ii) analyze issues related to a

Plan.

Dated: January 30, 2025
New York, New York

**OTTERBOURG P.C.**

By: */s/ Erik B. Weinick*
Erik B. Weinick
Michael A. Pantzer
230 Park Avenue
New York, NY 10169
(212) 661-9100
Email: eweinick@otterbourg.com
*Counsel for Melanie L. Cyganowski,*
*as Court-Appointed Receiver*