UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SECURITIES AND EXCHANGE COMMISSION,

                                        Plaintiff,

            -against-                                        23-cv-5326 (LAK)


LEGEND VENTURE PARTNERS LLC,

                                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___08/29/2025___

## MEMORANDUM AND ORDER


LEWIS A. KAPLAN, *District Judge.*

            This matter is before the Court on the motion of Megan L. Cyganowski, the Court-appointed receiver ("Receiver") of Legend Venture Partners ("Legend") and related entities, to approve her proposed plan of distribution.[1]


### Background

            Plaintiff, the Securities and Exchange Commission ("SEC"), brought this action against Legend for alleged violations of various provisions of the federal securities statutes, the Investment Advisers Act of 1940, and the rules promulgated thereunder.  The complaint alleges that Legend defrauded investors from whom it raised more than $35 million.[2]

---

[1]         Dkt 179.

[2]         Dkt 1.

On June 22, 2023, the SEC filed an emergency application that sought, *inter alia*, to appoint a receiver over Legend and related entities to marshal and preserve their assets,[3] which the Court subsequently granted (the "Receivership Order").[4]  The Receiver thus is authorized to propose a distribution plan for the receivership's property to investors upon motion to the Court.[5]  The Receiver moved to approve such a plan (the "Proposed Plan").  Upon the Receiver's request, the Court ordered that Investors be afforded six weeks to review and submit responses to the Proposed Plan.[6]  Out of more than 300 investors, three objections to the Proposed Plan were submitted.[7]

***Discussion***

I.    *Legal Standard*

The Court has broad authority to craft remedies for violations of federal securities laws, including the power to approve a plan of distribution proposed by a federal receiver.[8]  The Court may approve such a plan provided it is "fair and reasonable."[9]  "In making its decision, a court may defer

---

[3]    Dkt 175 (motion); Dkt 180-1 (proposed plan).

[4]    Dkt 33 (order appointing Receiver); *see also* Dkt 38 (memorandum regarding appointment of Receiver).

[5]    Dkt 33.

[6]    Dkt 185.

[7]    Dkt 192.

[8]    *S.E.C. v. Byers*, 637 F. Supp. 2d 166, 174 (S.D.N.Y. 2009) (citing cases), *aff'd sub nom. S.E.C. v. Malek*, 397 F. App'x 711 (2d Cir. 2010).

[9]    *S.E.C. v. Wang*, 944 F.2d 80, 81 (2d Cir. 1991).

to the receiver's choices for the plan's details and should give substantial weight to the SEC's views regarding a plan's merits."[10]

## II.    Whether the Proposed Plan is Fair and Reasonable

In assessing the Proposed Plan, the Court first notes that the SEC supports the Proposed Plan.[11]  The Court gives substantial weight to and agrees with the SEC's well-reasoned views.

Next, the Court addresses the objections to the Proposed Plan.

### A.    Objection 1

The first objection asserts in a short email that the Proposed Plan should distribute, rather than liquidate, shares owned by the receivership.[12]  As noted by the Receiver, the Proposed Plan's liquidation of such shares and cash distribution of their net proceeds would simplify the determination of tax liability, generate cash that can be used to pay taxes, and be consistent with investor expectations.[13]  The objection provides no authority or argument challenging these conclusions.  Accordingly, this objection is without merit.

---

[10]

S.E.C. v. Amerindo Inv. Advisors Inc., No. 05-cv-5231 (RJS), 2014 WL 2112032, at *14 (S.D.N.Y. May 6, 2014), aff'd sub nom. S.E.C. v. Amerindo Inv. Advisors, 639 F. App'x 752 (2d Cir. 2016).

[11]

Dkt 191.

[12]

Dkt 192-2 at 3.

[13]

Dkt 181 at 16–19; Dkt 193 at 5–6.

4

B.    *Objection 2*

The second objector appears to seek to withdraw from the receivership shares in something called Voyager Space in which he believes, correctly or incorrectly, he invested.[14] He does so on the theory that he would be better off were he to hold such shares directly rather than be treated according to the plan of distribution along with other claimants.  to avoid the costs associated with the receivership.  To the extent this objection favors the distribution of shares rather than liquidation for all investors, the Court rejects it for the reasons stated above.  To the extent the objector seeks to avoid the costs associated with the receivership only for himself, such preferential treatment inequitably would shift the receivership's costs to the other investors.  Accordingly, this objection is without merit.

C.    *Objection 3*

The third objection proposes an alternate distribution plan that would eliminate the distribution to all investors of certain proceeds recovered by the Receiver and instead use them to pay administrative expenses.[15]  As the objector acknowledges, the purpose of this proposed amendment would be to provide "a greater return" for a subset of investors at the expense of other investors and claimants.[16]  The Court agrees with the Receiver that such a result would be inequitable.[17]

In addition, this objection asks for additional time to review and respond to the

---

[14]    Dkt 192-2.

[15]    Dkt 192-2 at 13–55.

[16]    *Id.* at 12.

[17]    *See* Dkt 193 at 8–9.

5

Proposed Plan. The objection argues that additional time is necessary because the Receiver did not provide a "Compendium of Information" to investors until July 2, 2025, a week before the objection deadline.[18] The objection contends that the information contained therein was necessary to evaluate the effect of the Proposed Plan on investors' possible returns. The Court agrees with the Receiver that the Compendium did not contain any information necessary to formulate an objection to the Proposed Plan.[19] In any event, the objector did file an objection to the Proposed Plan and a proposed alternative. And he has not set forth persuasively any purpose that would be served by additional time to review the Compendium.

     Accordingly, this objection is without merit.

### Conclusion

     For the foregoing reasons, the motion for approval of the Receiver's proposed plan of distribution (Dkt 179) is granted.

     SO ORDERED.

Dated:      August 28, 2025

                                  Lewis A. Kaplan
                                United States District Judge

---

[18]     Dkt 192-2 at 10.

[19]     *See* Dkt 193 at 7–8.